UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DICKINSON,<br><br>           Plaintiff,<br><br>     v.<br><br>JOE BIDEN, JANET YELLEN,<br><br>           Defendants. | Case No. 1:21-cv-01824-JLT-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT FOR LACK OF JURISDICTION AND MOOT PLAINTIFF'S MOTION TO DISMISS[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. Nos. 1, 8) |

Plaintiff Christopher Dickinson, a prisoner incarcerated at the California Correctional Institution proceeding pro se, initiated this action by filing a Complaint identifying President Joe Biden and Secretary of Treasury Janet Yellen as Defendants. (Doc. No. 1). Plaintiff filed a motion to proceed in forma pauperis but later paid the full filing fee. (*See* Doc. No. 2, Receipt No. CAE100049890). For the reasons discussed below, the undersigned recommends the district court dismiss the action for lack of subject matter jurisdiction because the Complaint is frivolous. Further, Plaintiff's "motion to dismiss" shall be terminated as moot.

////

////

---

[1] The undersigned submits these factual findings and recommendations to the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

# I. BACKGROUND

**A. The Complaint**

Plaintiff initiated this action by filing a handwritten complaint consisting of 98 pages in totality entitled "Notice to Keith Holland Clerk of Court." (Doc. No. 1 at 1). The Complaint itself appears to be approximately 30 pages in length and the remainder of the pages consist of exhibits. (*Id.* at 1-30).

The first paragraph of the Complaint begins:

> This Bill in Equity: Petition for Declaratory Relief has been submitted for you review and filing by the Complainant, a non-statutory, non-commercial, non-surety, non-quasi-trustee, de lure, Pre-March 9, 1933, Private American National Citizen of the United Sates, holding Private individual citizenship status protected by Section One of the Fourteenth Amendment to the Constitution of the United States.

(*Id*. at 1)(errors in original).  Throughout the Complaint Plaintiff repeatedly asserts the action is a "bill of equity" and he is a "pre-March 9, 1933, Private American National Citizen." (*See generally id.*). Plaintiff seeks to "seal" the case and asserts it "is intended to be heard during an extra and special term of the Chancery Court, ex parte, under exigent circumstances as it concerns time sensitive relief." (*Id.* at 3).  The Complaint incorporates a page entitled "law of the suit" referencing the King James Reformation English Bible, the Constitution of the Untied States of America, Historic English/American Equity Jurisprudence, and "Maxims of Equity." (*Id*.). Thereafter, the Complaint incorporates a page entitled "Table of Authorities" with ten different citations to books from the late 1800's and early 1900's. (*Id*. at 6). Although difficult to discern, Plaintiff appears to challenge the application of the Federal Rules of Civil Procedure, referring to the rules as "militaristic," and asserts the "rules of equity" instead should govern this matter. (*Id*. at 9). The main factual allegations begin on page 13 of the Complaint stating that on Plaintiff's date of birth in Mississippi he "became a private American National citizen of the United States and thereby a private citizen of the State of Mississippi." (*Id*. at 13). Thereafter Plaintiff references various "Emergency Relief Banking Acts" from the early 1900's which he states was signed by President Roosevelt. (*Id*. at 14).

Attached as Exhibit A to the Complaint is a state petition for writ of habeas corpus dated

August 15, 2021 reflecting Plaintiff's multiple criminal convictions arising in Los Angeles ranging from multiple counts of forcible rape, sexual battery, robbery, and burglary, for which the petition states he is serving a 163 year to life sentence following a jury trial.  (*Id.* at 31-33)(writ of habeas corpus).  Like the Complaint, Plaintiff reiterates that he is a "private citizen" throughout the petition and does not appear to raise any viable grounds challenging his criminal conviction.  For example, in Exhibit A, Plaintiff writes:

> [t]he burden is on THE PEOPLE OF THE STATE OF CALIFORNIA to prove why it can compel Affiant, a private citizen, into the above-entitled war powers court with a war time Federal Flag.  Whereas, if not one comes forward with a superior, prior or equal claim in the private, the Judge has no recourse except to dismiss the case and to release all forensic accounting of securitization to Affiant a private citizen.

(*Id.* at 36).  Other exhibits include a letter to the I.R.S. declaring Plaintiff is a "private person," and his birth certificate. (*Id.* at 94-95).  Plaintiff appears to request no specific relief in the Complaint, but rather generally asserts that certain rules and laws should not apply to him due to his sovereign status.  (*See generally id.*).

**B.  Plaintiff's "motion to dismiss"**

A few months after initiating the action, Plaintiff filed a "motion to dismiss."  (Doc. No. 8).  Although entitled a motion to dismiss, Plaintiff does not seek to dismiss his action.  Instead, Plaintiff's motion contains similar non-sensical allegations and makes repeat references to equity. (*See generally id.* at 4).  For example, Plaintiff states:

> I, the beneficiary, the grantee and assignee, I hereby grant, convey, assign, discharge, settle, extinguish, and pay such issues required to settle all liability of the defendant.

(*Id.* at 3).  Plaintiff attaches to his motion a "notice to agent is notice to the principal notice to principal is notice to the agent."  (*Id.* at 5).

## II.  ANALYSIS

The Court is required to *sua sponte* inquire whether it has proper subject matter jurisdiction of a case.  "Federal courts are courts of limited jurisdiction."  *Home Depot U.S.A., Inc. v.* Jackson, ____ U.S. ____, 139 S.Ct. 1743, 1745 (2019) (citations omitted).  Article II, § 2 of the Constitution delineates "the character of the controversies over which federal judicial

3

authority may extend." *Id.* (citations omitted). "And lower federal-court jurisdiction 'is further limited to those subjects encompassed within a statutory grant of jurisdiction.'" *Id.* While Plaintiff cryptically refers to the U.S. Constitution and federal rules and/or statutes, this Court cannot a discern a basis for federal court jurisdiction.

A federal court has subject matter jurisdiction of a case when it raises a federal question, or when diversity jurisdiction exists. *See* 28 U.S.C. §§ 1331, 1332(a); *see also Home Depot USA* 139 S.Ct. at 1745. Federal question jurisdiction "affords parties a forum in which to vindicate federal rights,' whereas diversity jurisdiction provides 'a neutral forum' for parties from different States." *Id.* at 1746. Absent federal question jurisdiction, plaintiffs may proceed in federal court if diversity jurisdiction exists. Diversity jurisdiction requires complete diversity of citizenship among the opposing parties and an amount in controversy in excess of $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). Citizenship requires physical presence and the intent to remain. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

Here, the Complaint is unclear what federal rights, if any, are at issue in this action. Turning to the amount in controversy, there are no facts alleging a monetary amount for damages, much less damages more than $75,000.00. Without diversity of citizenship and amount in controversy in excess of $75,000, the Court lacks subject matter jurisdiction.

In fact, the Complaint is devoid of enough facts to set forth federal jurisdiction and to state a sufficient claim. A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief. . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Here, the Complaint contains non-sensical allegations, references to books from the late 1800's and early 1900's, attaches an old habeas corpus petition as an exhibit, and is otherwise devoid of stating any cognizable claim. A federal court lacks jurisdiction to consider claims that

are "essentially fictitious," "obviously frivolous," or "obviously without merit." *Hagans v. Lavine,* 415 U.S. 528, 537, 94 (1974). Thus, a "claim may be dismissed for want of subject-matter jurisdiction if it is not colorable" or if it "is 'wholly insubstantial and frivolous.'" *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 513 n. 10 (2006) (citations omitted); *see also Shapiro v. McManus,* 577 U.S. 39, 45 (2015) (insubstantiality for jurisdictional purposes "has been equated with such concepts as 'essentially fictitious,' wholly insubstantial,' obviously frivolous'"*)*; *Franklin v. Murphy,* 745 F.2d 1221, 1227 n. 6 (9th Cir. 1984) (even "[a] paid complaint that is 'obviously frivolous' does not confer subject matter jurisdiction ...."). A complaint is frivolous when it is based on an indisputably meritless legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Claims that a person is sovereign and does not have to follow the law are frivolous. *See e.g. United States v. Lorenzo*, 995 F.2d 1448, 1456 (9th Cir. 1993). To the extent Plaintiff's allegations are based on any sovereign citizen ideology, courts have uniformly and summarily rejected arguments premised on this ideology has frivolous and meritless. *See, e.g., United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986) (rejected arguments premised on the sovereign citizen ideology as "utterly meritless"); *United States v. Sterling*, 738 F.3d 228, 233, n.1 (11th Cir. 2013) (noting courts "summarily reject[ ]" as frivolous the legal theory of individuals who consider themselves sovereign and not subject to the jurisdiction of the courts); *United States v. Benabe*, 654 F.3d 753, 761 (7th Cir. 2011)("[Sovereign citizen] theories should be rejected summarily, however they are presented"); *see also Mackey v. Bureau of Prisons*, 2016 WL 3254037, at *1 (E.D. Cal. June 14, 2016).

If the court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). When a complaint is frivolous, dismissal without leave to amend is appropriate. *See Lopez v. Smith*, 203 F.3d 1122, 1127 n. 8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

////

Accordingly, it is **RECOMMENDED**:

1. This Complaint (Doc. No. 1) be dismissed for lack of subject matter jurisdiction because it is frivolous.

2. Plaintiff's motion to dismiss (Doc. No. 8) be denied as moot.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    October 11, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE