**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER DICKSON, | Case No. 1:21-cv-01824-JLT-HBK (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| v. | (Doc. 9) |
| JOE BIDEN, JANET YELLEN, | |
| Defendants. | |

Christopher Dickson initiated this action proceeding *pro se* by filing a complaint identifying President Joe Biden and Secretary of Treasure Janet Yellen as Defendants. (Doc. 1.) Plaintiff filed a motion to proceed *in forma* pauperis but later paid the full filing fee. The matter was referred to the assigned United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Eastern District of California Local Rule 302.

The assigned magistrate judge issued findings and recommendations recommending the district court dismiss the action for lack of jurisdiction and moot Plaintiff's motion labeled a motion to dismiss. (Doc. 9 at 1-6.) The findings and recommendations provided notice that any objections were due within fourteen days. (*Id.* at 1, 6.) Plaintiff timely filed objections on October 26, 2022. (Doc. 10.)

In summary, Plaintiff objects to dismissing the action for lack of jurisdiction and asserts that he seeks relief under the Emergency Banking Relief Act and the Trading with the Enemy

Act. (*Id.* at 1). Plaintiff asserts that, under these Acts, the Eastern District of California is the proper Court because he resides within that jurisdiction. (*Id.* at 2.) Plaintiff further challenges the magistrate judge's findings and recommendations to the extent it found Plaintiff does not request any specific relief. (*Id.*) Plaintiff asserts he seeks equitable relief "[b]ecause he is not attacking the conviction but the process." (*Id.*)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis. As the findings and recommendations point out, the Complaint is filled with nonsensical allegations and references to archaic statutes, and lacks any cogent, plausible explanation as to how the referenced statutes relate to Plaintiff or Plaintiff's circumstances. "A mere citation to a federal statute that does not include factual allegations to support a valid cause of action is not sufficient to support federal question jurisdiction." *Easton v. Crossland Motg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997). Thus, the Court **ORDERS**:

1. The Findings and Recommendations (Doc. 9) are **ADOPTED IN FULL.**
2. Plaintiff's Complaint is **DISMISSED**.
3. The Clerk of Court shall terminate any pending motions, close this case, and enter judgment against plaintiff.

IT IS SO ORDERED.

Dated:   **November 7, 2022**

UNITED STATES DISTRICT JUDGE

2